UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO MARCELINO CASTILLO,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No.: 3:24-cv-01017-BTM-DEB<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF NO. 3]** |

On October 2, 2024, *pro se* Plaintiff Arturo Castillo filed a letter notifying the Court of his new address. (ECF No. 3 at 1 ("Letter").) In the Letter, Plaintiff also asks: "How soon will I be given an attorney or must I search for one on my own." (Id.) The Court construes Plaintiff's Letter as a Motion to Appoint Counsel.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. However, this discretion may be exercised only under "exceptional circumstances."

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Plaintiff filed his Complaint on June 7, 2024. (ECF No. 1.) On October 11, 2024, the Court dismissed Plaintiff's *Bivens* claim against the Doe Defendants, but found that his FTCA claim survived screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), and directed the U.S. Marshal to serve a copy of the Complaint and summons on Defendant United States of America. (ECF No. 4, at 6, 8–9.) No other substantive action has yet to take place in this case. The Court therefore cannot yet rule on the merits of Plaintiff's claims. Additionally, that Plaintiff's FTCA claim survived screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) indicates that at this stage in the proceedings Plaintiff can articulate his claims *pro se*. Therefore, the Court **DENIES** without prejudice Plaintiff's Motion to Appoint Counsel.

**IT IS SO ORDERED.**

Dated: October 21, 2024

Honorable Barry Ted Moskowitz
United States District Judge

2