# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO MARCELINO CASTILLO, BOOKING #92864-298,<br><br>                            Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>                            Defendant. | Case No.: 3:24-cv-1017-BTM-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>**[ECF NO. 10]** |

Before the Court is Defendant United States of America's Motion to Dismiss Plaintiff's Complaint. (ECF No. 10.) Plaintiff, who is incarcerated and proceeding pro se, filed an Opposition. (ECF No. 21.) The Defendant filed a Reply. (ECF No. 22.) For the reasons discussed below, the Court **grants** Defendant's Motion to Dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges violations of his federal constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and intentional and negligent torts under the Federal Tort Claims Act ("FTCA").

(*See* ECF No. 1.) The Complaint alleges that in February 2020, while incarcerated at the Metropolitan Correctional Center in San Diego ("MCC), Plaintiff informed the Security Investigation Services ("SIS") that he needed protective custody due to his status as a prison gang dropout. (ECF No. 1, at 3.) Plaintiff was informed that there was no protective custody floor or unit and was housed with active gang members, despite the existence of a unit at MCC that did house gang dropouts. (*Id.* at 3.) Plaintiff "fended for [himself] under a different moniker until it was discovered that [he] was a drop-out . . . and was assaulted," which caused "multiple facial fractures and head trauma," and required visits to two emergency rooms on June 24 and 25, 2020. (*Id.*) Plaintiff alleges that he was transferred to a different correctional facility immediately after the incident, which delayed his ability to pursue remedies. (*Id.* at 4.) He also alleges that he was not able to see a medical specialist for his injuries until over a year after the incident due to his frequent transfers to different institutions, and that as a result of this delay his "eye wanders," he has "a constant headache," and has "lost a lot of memory." (*Id.* at 5.)

Plaintiff named as Defendants John Does 1-100 and Jane Does 1-100 SIS officers, John and Jane Does 1-100 officers and staff of the MCC, and the United States of America and its officers and staff in San Diego. (*Id.* at 2.) The Complaint alleges the Doe Defendants breached their duty of care, failed to protect him, and were negligent in violation of the Eighth Amendment, and that the United States of America is liable under the FTCA for breach of the duty of care, failure to protect, and negligence. (*Id.* at 2–3.) The Court's screening order pursuant to 28 U.S.C. § 1915A held that the Complaint failed to state a *Bivens* failure to protect claim against the Doe Defendants and dismissed that claim without leave to amend. (ECF No. 4, at 6.) But the Court held that the Complaint's FTCA claim against the United States met the "low threshold for proceeding past the screening stage." (*Id.* at 8.)

## II.    STANDARD

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), on the grounds that the Complaint is

untimely and barred by the FTCA's statute of limitations, which is codified at 28 U.S.C. § 2401(b).  (ECF No. 10-1, at 4–6, 11.)  Yet "[Section] 2401(b) is a nonjurisdictional statute of limitations." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013), *aff'd United States v. Wong*, 575 U.S. 402, 420 (2015) ("[W]e hold that the FTCA's time bars are nonjurisdictional and subject to equitable tolling.").  The Court will therefore analyze Defendant's untimeliness argument under Rule 12(b)(6).  *See, e.g.*, *Houston v. United States,* No. 22-CV-01902-AB-SHK, 2023 WL 4290396, at *1–2 (C.D. Cal. May 25, 2023) (analyzing motion to dismiss FTCA claims as being barred by statute of limitations under Rule 12(b)(6)); *Martinez v. United States*, No. 22-cv-1803-JLS-BLM, 2022 WL 17407982, at *3 (S.D. Cal. Dec. 2, 2022) (same).

A motion to dismiss under Rule 12(b)(6) should be granted only where a complaint lacks either a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in a complaint are taken as true and construed in the light most favorable to the plaintiff.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  "[W]here the petitioner is *pro se*, particularly in civil rights cases," the court has an "obligation" to "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  When a motion to dismiss is granted, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

### III.   DISCUSSION

#### A.   Timeliness of Plaintiff's FTCA Claim

Defendant argues the Complaint should be dismissed because Plaintiff's sole remaining cause of action under the FTCA is untimely.  (ECF No. 10-1, at 6.)  "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable

statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.*

A plaintiff seeking to bring suit under the FTCA must first file a claim with the appropriate federal agency within two years after the plaintiff's claim accrues. *See* 28 U.S.C. § 2401(b). The plaintiff then has six months from the date of the agency's denial of the claim to file an action in federal court. *See id.* A plaintiff's FTCA claim is therefore timely "only if it has been: (1) submitted to the appropriate federal agency within two years of accrual and (2) filed in federal court within six months of the agency's final denial." *Redlin v. United States*, 921 F.3d 1133, 1136 (9th Cir. 2019) (emphasis added). "By its express terms, this second limitations period applies only when the agency has made a final disposition of the claim and notified the claimant by mail. The six month period does not begin to run until the agency has notified the claimant of a final denial in accordance with section 2401(b)." *Parker v. United States*, 935 F.2d 176, 177 (9th Cir. 1991).

Defendant argues that the latest date on which Plaintiff's claim could have accrued is June 24, 2020, as that is the date that he alleges he received medical treatment after being assaulted. (ECF No. 10-1, at 6.) Defendant has submitted a declaration from Lori Mitchell, a Legal Assistant in the Federal Bureau of Prisons, which states that Plaintiff did not submit his administrative claim until September 12, 2023. (ECF No. 10-2, Mitchell Decl., ¶ 7.) Plaintiff's administrative complaint, which is dated September 12, 2023, is also attached to the declaration. (ECF No. 10-2, Mitchell Decl., Attachment 3.) Therefore, according to Defendant, Plaintiff's claim is untimely because he submitted his administrative claim to the BOP more than two years after the accrual of his claim. (ECF No. 10-1, at 6.)

If Defendant's Motion was governed by Rule 12(b)(1), the Court could certainly consider this declaration when ruling on the Motion. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("A jurisdictional challenge under

Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence."). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). A court may, however, consider documents that are incorporated by reference into a complaint without converting a motion to dismiss into a motion for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908.

Plaintiff refers to his administrative claim in his Complaint. (ECF No. 1, at 6.) Additionally, the administrative complaint in a way "forms the basis" of Plaintiff's claim because if Plaintiff had not filed an administrative complaint, this Court would lack jurisdiction to hear Plaintiff's FTCA claim. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim [in an FTCA action] is jurisdictional."). The Court therefore finds that the administrative complaint attached to Lori Mitchell's Declaration is incorporated by reference into the Complaint. *See Doe v. Hebbard*, No. 21-cv-00039-BAS-AGS, 2021 WL 5827075, at *2 (S.D. Cal. Dec. 8, 2021) (finding FTCA administrative claim that was filed alongside motion to dismiss was incorporated by reference into complaint because "[a]lthough Plaintiff does not allege the date she filed the administrative claim, the Court may consider the actual documents that form the basis of this claim and on which she relied in bringing this suit").

Therefore, the Court finds that Plaintiff's FTCA claim is untimely because Plaintiff failed to submit his administrative claim to the BOP within the requisite two-year period mandated by 28 U.S.C. § 2401(b).

**B.  Equitable Tolling**

Although Plaintiff's claim is untimely, Plaintiff's Complaint may survive if Plaintiff

is entitled to equitable tolling.  "[G]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019).

### 1. Diligence

The first element "requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013).  "Central to the analysis is whether the plaintiff was 'without any fault' in pursuing his claim." *Id.* (quoting *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996)).

Plaintiff's Complaint contains two allegations that relate to the efforts he took to pursue his rights.  *First*, Plaintiff alleges that the same week he was assaulted, he was transferred to a "private federal jail," and was not returned to a BOP facility (FCI Victorville) "until [he] was sente[n]ced and designated."  (ECF No. 1, at 4.)  Plaintiff alleges that once he arrived at FCI Victorville, he "tried to remedy there but was denied by staff for reasons of being to [sic] close to release date," projected at that time for 2021. (*Id.*)  *Second*, Plaintiff alleges that when he returned to MCC San Diego in June 2021, he "brought this up once to staff about remedying this matter, but out of fear for my life I have been awaiting to be at the right place to start my process." (*Id.*)   But the Complaint lacks any details about the specific actions that Plaintiff took while at FCI Victorville and MCC San Diego to file an administrative claim. (*See* ECF No. 10-1, at 8.)  In the absence of these details, the Court is unable to determine whether Plaintiff diligently pursued his rights.

### 2. Extraordinary Circumstances

The second element requires a litigant to establish that "extraordinary circumstances were the cause of his untimeliness and . . . made it impossible to file the document on time." *Wong*, 732 F.3d 1030 at 1052.  Equitable tolling is generally granted "when litigants are unable to file timely documents as a result of external circumstances beyond their direct

control." *Id.* "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.*

The Complaint appears to allege multiple potential extraordinary circumstances that prevented Plaintiff from filing his administrative claim within two years of his assault. *First*, Plaintiff alleges that he does "not know proper legal language and case loads." (ECF No. 1, at 3.) But "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The Court therefore agrees with Defendant that "Plaintiff's status as a pro se plaintiff does not excuse his failure to comply with the FTCA's statute of limitations." (ECF No. 10-1, at 8–9; ECF No. 22, at 2)

*Second*, Plaintiff alleges that (1) his placement in the Segregated Housing Unit ("SHU"); (2) the fact that he was transferred between correctional facilities multiple times; and (3) "covid-19 procedures and protocols" all prevented him from seeking relief. (ECF No. 1, at 4.) However, the Complaint does not provide any specific details about how and why these obstacles made it impossible for him to file an administrative claim. Moreover, the Ninth Circuit has held that a prisoner who was in "administrative segregation and had limited access to 'the law library [and] copy machine'" only faced "[o]rdinary prison limitations" that did not qualify as extraordinary circumstances. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ramirez offers no explanation of how or why his restricted library access made it ***impossible*** for him to file a timely § 2254 petition.") (emphasis added). For this Court to find these obstacles amounted to "extraordinary circumstances," Plaintiff must allege specific facts that demonstrate that Covid-19 procedures, his placement in the SHU, and his multiple transfers made it impossible for him to timely file his claim. *See also Hennings v. Cates*, No. 22-55484, 2023 WL 8469341, at *1 (9th Cir. Dec. 7, 2023) (unpublished) (holding petitioner was not entitled to equitable tolling when he "fail[ed] to show why his limited access to law-library materials during the COVID-19 pandemic made it ***impossible*** for him to file his federal habeas petition") (emphasis added).

*Third*, Plaintiff alleges that "out of fear for [his] life [he] ha[s] been awaiting to be at the right place to start [his] process." (ECF No. 1, at 4.) The Court agrees with Defendant that "this generalized allegation of fear is insufficient to establish extraordinary circumstances." (ECF No. 10-1, at 10; ECF No. 22, at 4) *See Mendoza v. Pollard*, No. 20-cv-0847-GPC-RBB, 2021 WL 2588155, at *6 (S.D. Cal. June 24, 2021) (finding habeas petitioner's "fear of other prisoners" was not an "'extraordinary circumstance' that justifies equitable tolling"); *Bautista v. Madden*, No. 17-cv-6004-RGK-FFM, 2018 WL 4961601, at *1 (C.D. Cal. Oct. 15, 2018) (holding "unsubstantiated allegations of fear of attack from other inmates" were insufficient to demonstrate extraordinary circumstances).

*Fourth*, Plaintiff alleges that (1) while at FCI Victorville, he "tried to remedy but was denied by staff"; (2) while he was housed in the SHU, "staff [was] unwilling to assist with forms"; and (3) he has "had trouble from multiple staff members." (ECF No. 1, at 3, 4.) If prison staff altogether denied Plaintiff the opportunity to file an administrative complaint, that may constitute an extraordinary circumstance. But the Complaint does not contain any details regarding how prison staff denied him the opportunity to file a claim. The Court cannot find that these generalized allegations demonstrate that it was impossible for Plaintiff to file a claim. The mere fact that prison staff was "unwilling to assist with forms" does not entitle Plaintiff to equitable tolling. *See Nelson v. Clark*, No. 09-cv-761-MMM-PLA, 2009 WL 6640990, at *5 (C.D. Cal. Nov. 13, 2009), *report and recommendation adopted*, No. 09-cv-761-MMM-PLA, 2010 WL 2681949 (C.D. Cal. June 30, 2010) ("[A] lack of legal assistance does not suffice as a legitimate reason to excuse a late application.").

Therefore, because the Complaint neither alleges facts demonstrating that Plaintiff diligently pursued his rights, nor alleges facts demonstrating that extraordinary circumstances prevented Plaintiff from timely filing his claim, Plaintiff is not entitled to equitable tolling.

### 3. Leave to Amend

Although Plaintiff's Opposition contains facts that suggest that Plaintiff *might* have

pursued his rights diligently and might have faced extraordinary circumstances (*see* ECF No. 21), the Court may not consider these facts when ruling on Defendant's Motion to Dismiss. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). The Court will, however, grant Plaintiff leave to file an amended complaint in which Plaintiff must allege specific, detailed facts demonstrating that he is entitled to equitable tolling. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) ("[The] rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant."). Any amended complaint that Plaintiff files will *entirely* replace his original Complaint, and so any amended complaint must include *all* relevant claims, facts, and allegations. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED**. Plaintiff has leave to file an Amended Complaint. Any amended complaint must be filed within **45 days** of the entry of this Order. Failure to file an amended complaint will result in a final judgment of dismissal.

IT IS SO ORDERED.

Dated: September 29, 2025

Honorable Barry Ted Moskowitz
United States District Judge